MARY K. RAPHAEL, Plaintiff, *v.* MARTIN E. RAPHAEL, Defendant.

Supreme Court, Special Term, New York County, April 28, 1947.

*Joseph Calderon* for plaintiff.

*Edwin M. Reiskind* for defendant.

BENVENGA, J. Motion to dismiss the complaint in an action on a foreign decree of divorce for the recovery of alimony alleged

to be due thereunder. The basis of the motion is that the complaint is insufficient: (1) because it fails to allege that the decree sued upon is final, and (2) because it fails to set out the foreign law under which the decree was entered.

The question involves the construction of section 344-a of the Civil Practice Act, which authorizes the court, in its discretion, to take judicial notice of "A law, statute, * * * decree, * * * or the unwritten or common law of a sister state * * * " (subd. A, par. 1); and provides that "The failure of either party to plead any matter of law specified in this section shall not be held to preclude * * * the * * * court from taking judicial notice thereof" (subd. D).

The requirement of the statute, it is to be observed, is permissive and not mandatory; the court is not obliged to take judicial notice of the foreign law, and if it declines to do so, the foreign law must be proved (Richardson on Evidence [6th ed.], § 92). In any event, while the statute does not dispense with the necessity of proving the foreign law, it does obviate the necessity of pleading it, unless an appropriate corrective motion is made; for "Subdivision D is intended to make certain that a ' pleading ' of a matter of law should not be held a condition precedent to the court's taking judicial notice." (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 303; but see editorial, N. Y. L. J., April 22, 1947, p. 1560, col. 1; 2 Association of Bar of City of New York, Record, p. 128.) The motion is denied.